**Daniel J. KLEIN and Hortense C. Klein, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 70, Docket 30358.**

United States Court of Appeals Second Circuit.

Argued Oct. 27, 1966.

Decided Nov. 29, 1966.

Robert E. Frisch, New York City (Robert P. Luciano, William P. Hurley, New York City, of counsel, Royall, Koegel & Rogers, New York City), for petitioners-appellants.

Howard M. Koff, Arlington, Va. (Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks and David O. Walker, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and MOORE and KAUFMAN, Circuit Judges.

262

PER CURIAM:

Appellant, Daniel J. Klein (Klein), has for some 30 years been in the business of furnishing exterminating and pest-control services under the name of Allied Exterminating Co. He services his customers on a periodic basis (weekly, monthly, or bi-monthly), and the "contracts" with customers are terminable at will.

Beginning in 1940, Klein chose to expand his business by "buying" the accounts of other exterminating services. The purchase contract price was determined by multiplying the monthly billings for each customer account by a negotiated constant which varied from company to company.

It was Klein's experience that many of the customers on the customers' lists purchased terminated the service. Klein amortized the various contract prices over a period of 80 months. He adhered to this practice through the taxable year ending October 31, 1961. However, the Commissioner disallowed the claimed deductions for the years 1960 and 1061, and determined that deficiencies existed for those years. The Tax Court upheld the Commissioner, holding the amount of deficiencies to be $7,336.44 for 1960 and $17,605.94 for 1961. 24 TCM 1082.

■ Klein argues that he should be allowed to amortize the cost of each account over its useful life (§ 167, Internal Revenue Code of 1954). A § 167 deduction requires that the cost basis of the asset be established. Klein failed to do this. Although he claims that the sole assets purchased from the other exterminating companies were the customer accounts, the facts indicate otherwise. The purchase contracts included items such as good will, trade names, and covenants not to compete. While Klein disclaims any interest in these items, he,

in fact, used the trade names for "a few months to a few years" after the purchase date. New customers (how many does not appear) were serviced and billed under the names of the purchased companies. Thus, he has not shown how much of the total purchase price should be allocated to each account. See Thrifticheck Service Corporation v. Commissioner, 287 F.2d 1 (2 Cir. 1961).

A further requirement of § 167 is that the asset to be amortized must have a reasonably determinable useful life. In addition to his own testimony, the only evidence Klein offered as to the useful life of the accounts was a compilation of figures of past rate of loss of accounts. (Stipulation of Facts.) However, as the Tax Court pointed out, the loss of accounts in the past was probably attributable more to quality of service and competition than to passage of time. As Klein has some control over these factors, they are poor indices of a future rate of loss, and are insufficient, standing alone, to provide a reasonable determination of a useful life, a prerequisite to any amortization deduction. Also, there was nothing to prevent a customer from terminating the service for a while and beginning again. Thus, it is difficult to say when an account's useful life has come to an end. *Thrifticheck Service Corporation,* supra.

■ Upon appeal, appellant now argues that, in the alternative, he is entitled to claim a loss deduction under Section 165 as each identifiable account was terminated. This point was not raised in, or considered by, the Tax Court. We do not pass upon this question, leaving it to the taxpayer to make such claim, if any, as may be available to him on the facts and the law.

Affirmed.